IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, *et al.*<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>UNITED STATES, *et al.*<br><br>Defendants-Appellants. | No. 15-40238 |

### APPELLANTS' MOTION FOR EXPEDITED APPEAL
### AND FOR LEAVE TO USE APPENDIX ON APPEAL

Appellants the United States *et al.* hereby move to expedite this appeal in accordance with the proposed schedule set forth herein. Appellants also move for leave to proceed with an appendix on appeal in the event that the original district court record is not available when appellants' opening brief is due. Appellants are submitting this motion in conjunction with an emergency motion for a stay pending appeal, and we respectfully request that the two motions be placed before the same panel. Appellants request that the Court act on this motion by March 27, 2015. Appellees have been notified of this motion.

As detailed below, appellees oppose the motion for expedition in part, and take no position on expedition in part. Appellees do not oppose the request for leave to use an appendix in the event the district court record is unavailable when the opening brief is due.

1. This case involves a challenge by plaintiff States to a Deferred Action Guidance Memorandum issued by the Secretary of Homeland Security in November 2014 (2014 Guidance). The Department of Homeland Security (DHS) is attempting to maximize its limited enforcement resources by prioritizing the removal of unlawfully present aliens and other aliens subject to removal who threaten public safety and national security, as well as recent border crossers. As part of this effort, the 2014 Guidance sets forth criteria for the exercise of enforcement discretion, in the form of deferred action on removal, against aliens who pose no such threat and who have substantial ties to their communities. See generally *Arpaio* v. *Obama*, 27 F. Supp. 3d 185, 194-96 (D.D.C. 2014), *appeal pending*, No. 14-5325 (D.C. Cir.).

2. In 2012, DHS set forth guidelines for requesting deferred action in a memorandum establishing the Deferred Action for Childhood Arrivals (DACA) policy. DACA permits certain aliens who entered the United States as children and who satisfy threshold criteria to request deferred action for a limited period of time. See *Arpaio*, 27 F. Supp. 3d at 194-95. The 2014 Guidance modifies two of DACA's threshold eligibility criteria. See *id.* at 195. In addition, the 2014 Guidance sets forth different eligibility criteria for deferred action under guidelines known as DAPA that permit certain aliens who are parents of U.S. citizens or lawful permanent residents and who are not priorities for removal to request deferred action. See *id.* at 195-96. In the 2014 Guidance, DHS also changed the period of deferred action to be granted

under the deferred action guidelines, including for recipients of deferred action under 2012 DACA, from two years to three years. *Id.*

3. The 2014 Guidance directed DHS officials to begin accepting requests for deferred action based on the modified DACA eligibility criteria by February 18, 2015, ninety days after the issuance of the Guidance. The Guidance also directed DHS officials to begin accepting requests for deferred action under DAPA by May 19, 2015, 180 days after the issuance of the Guidance.

4. The plaintiff States brought suit alleging that the 2014 Guidance violates the Take Care Clause of the Constitution, Art. II, § 3, Cl. 5, the APA's notice-and-comment requirement, 5 U.S.C. § 553, and the APA's substantive requirements, 5 U.S.C. § 706. On February 16, two days before DHS was to begin accepting requests under the modified DACA eligibility criteria, the district court granted a nationwide preliminary injunction that prohibits DHS from implementing "any and all aspects or phases" of DAPA and "any and all aspects or phases of the expansions (including any and all changes)" to DACA, as outlined in the 2014 Guidance. Order, pp. 1-2.

5. The federal Government has appealed the preliminary injunction to this Court and is seeking a stay pending appeal. Given the magnitude of the public interests at stake in this litigation and the importance of prompt resolution of this appeal, the appellants respectfully request that the appeal be heard on an expedited basis. Because this is an appeal from a preliminary injunction, expedition is required

by federal law and this Court's rules. *See* 28 USC § 1657 (providing that "each court of the United States . . . shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief"); Fifth Circuit Local Rule 47.7 (granting "preference in processing and disposition" for "actions for temporary or preliminary injunctive relief"). As explained above, the officials were to begin accepting requests for deferred action based on the Guidance's modified eligibility criteria for DACA on February 18, and requests for deferred action under DAPA were to begin by May 19. Expedited consideration of this appeal is imperative to minimize the disruption to these efforts and to provide a prompt resolution of the important legal issues presented by the appeal.

      6. The appellants therefore request that the Court enter the following briefing schedule and direct that all briefs by parties and *amicus* be served electronically:

- Appellants' brief and any *amicus* briefs supporting appellants due by March 30, 2015;

- Appellees' brief and any *amicus* briefs supporting appellees due within 30 days after the filing of the appellants' brief;

- Appellants' reply brief due within 14 days after the filing of the appellees' brief.

The United States further requests that the case be scheduled for oral argument at the earliest available date following completion of the briefing, and no later than June 2015.

7. Appellees take no position on the scheduling of oral argument, the proposed deadline for filing the appellants' opening brief, and the proposed deadline for filing amicus briefs in support of the appellants. Appellees oppose the deadline for the filing of Appellees' brief and the filing of amicus briefs in support of appellees.

8. In the event that the district court record has not been compiled by the date that the appellants' opening brief is due, the appellants also request that the Court grant leave for use of an appendix on appeal. In that event, the appellants propose that the parties independently file appendices containing the relevant portions of the record with their briefs. Appellees do not oppose this request.

## CONCLUSION

For the foregoing reasons, the Court should expedite this appeal in accordance with the schedule suggested above. The Court should also grant leave to use an appendix in lieu of the district court record in the event that the record has not been compiled by the deadline for the filing of the appellants' opening brief.

Respectfully submitted,

BENJAMIN MIZER
  Acting Assistant Attorney General

BETH S. BRINKMANN
  Deputy Assistant Attorney General

SCOTT R. McINTOSH
  Scott.McIntosh@usdoj.gov
  (202) 514-4042

JEFFREY CLAIR
  /s/ Jeffrey Clair
  Jeffrey.Clair@usdoj.gov
  (202) 514-4028

WILLIAM E. HAVEMANN
  William.E.Havemann@usdoj.gov
  (202) 514-8877

Attorneys, Civil Division
Room 7243, Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on March 12, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Jeffrey Clair
Attorney, Civil Division
