IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**State of Texas; State of Alabama; State of Georgia; State of Idaho; State of Indiana; State of Kansas; State of Louisiana; State of Montana; State of Nebraska; State of South Carolina; State of South Dakota; State of Utah; State of West Virginia; State of Wisconsin; Paul R. LePage, Governor, State of Maine; Patrick L. McCrory, Governor, State of North Carolina; C.L. "Butch" Otter, Governor, State of Idaho; Phil Bryant, Governor, State of Mississippi; State of North Dakota; State of Ohio; State of Oklahoma; State of Florida; State of Arizona; State of Arkansas; Attorney General Bill Schuette; State of Nevada; State of Tennessee,**

        Plaintiffs-Appellees,

v.

**United States of America; Jeh Charles Johnson, Secretary, Department of Homeland Security; R. Gil Kerlikowske, Commissioner of U.S. Customs and Border Protection; Ronald D. Vitiello, Deputy Chief of U.S. Border Patrol, U.S. Customs and Border Protection; Sarah R. Saldaña, Director of U.S. Immigration and Customs Enforcement; León Rodríguez, Director of U.S. Citizenship and Immigration Services,**

        Defendants-Appellants.

**No. 15-40238**

**PLAINTIFFS' PARTIAL OPPOSITION TO MOTION TO
EXPEDITE BRIEFING SCHEDULE**

## **A**RGUMENT

1. Plaintiffs represent more than half of the States in the Union. They challenge one of the largest changes in immigration policy in our Nation's history: the Executive Branch's program to unilaterally confer lawful presence, work authorizations, and a host of other benefits on four million aliens whose presence in this country is unauthorized by law. This executive lawmaking is unsupported by any congressional acquiescence and is contrary to statutory requirements and priorities. Nonetheless, the Executive is determined to implement it immediately.

The day after the Executive announced this new program in November 2014, the lead Plaintiff State announced that it would bring an action challenging the program's legality. Within two weeks, this lawsuit was initiated. Plaintiffs immediately sought a preliminary injunction. The Executive, however, continued to plan (and, as Defendants recently disclosed, to implement) the program.

2. Plaintiffs showed the district court that they are likely to succeed in challenging that program's legality; that the program would cause them irreparable injury; and that a preliminary injunction would preserve the status quo, impose no undue hardship on the Executive, and promote the public interest by allowing the judiciary to evaluate the program's legality before it becomes effectively irreversible. The district court agreed. It issued a thorough, 123-page opinion and an order granting a preliminary injunction of the challenged program.

That order issued on February 16, 2015. Defendants waited a full week to move for a stay pending appeal in the district court. And they waited nearly a month, until

March 12, 2015, to move in this Court for an "emergency" stay. This Court has declined Defendants' request to accelerate the deadline for responding to that stay motion.

The electronic record on appeal is due from the district court on March 24, 2015. *See* 3/9/2015 Dkt. Entry, No. 15-40238 (5th Cir.). Under federal appellate procedure, appellants have 40 days from the filing of the record to file and serve their principal brief; appellees have 33 days after the appellants' principal brief is served to file a response brief; and appellants may file a reply brief within 14 days. Fed. R. App. P. 31(a); 5th Cir. R. 31.3. Amicus briefs are due 7 days after the filing of the principal brief of the party supported by the amicus. 5th Cir. R. 29.1, 31.2. The Court also allows motions to extend the time to prepare a brief in light of, for example, complexity of the briefing. 5th Cir. R. 31.4.2(b).

3. Defendants have moved to accelerate the briefing schedule. Plaintiffs take no position on Defendants' request to commit themselves and any supporting amici curiae to file their briefs ahead of the normal schedule—which they are free to do regardless of this motion. Plaintiffs also take no position on the timing of any oral argument (except to emphasize the general need for adequate time to study the briefing and record).

4. Plaintiffs oppose the motion, however, to the extent it would restrict the time for Plaintiffs and any amici curiae supporting them to prepare and file their briefs. Put simply, the Executive has no urgent need to impose a unilateral, unprecedented revision of this Nation's immigration system by conferring a bevy of benefits, as soon as possible, on over four million removable aliens. The President himself repeatedly recognized that he lacked this power. *See* First. Am. Compl. (Dist. Ct. Dkt. No. 14) at 15-18. The Executive discovered a pressing need for this new program only in the sixth year of the

President's tenure, after mid-term elections demonstrated that Congress would not likely enact the regime that the Executive desired. This timeline, as well as the Executive's decidedly unhurried approach to its motion for a stay, undermines any pretense of emergency.

Defendants largely argue a need to "minimize the disruption" to the efforts they have voluntarily made to implement their unlawful program—despite the fact that Defendants made these efforts while Plaintiffs' motion for a preliminary injunction was pending. A defendant cannot proceed in the face of a known risk that its actions are unlawful and then rely on its sunk costs to avoid a preliminary injunction. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 729 (3d Cir. 2004); *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 902-03 (7th Cir. 2001). That would create an unacceptable incentive for gamesmanship.

Defendants also argue that the preliminary injunction constrains their exercise of "enforcement discretion." Mot. 2. But the district court expressly did not enjoin the separate directive in which the Executive defines categories to be used in prioritizing removal proceedings, and it expressly did not require the Executive to remove or not remove any alien or otherwise allocate its resources to any particular enforcement priority. Mem. Op. & Order (Dist. Ct. Dkt. No. 145) at 69-70, 112 n.104, 120, 123; *accord id.* at 105 ("The Court finds Defendants' labeling disingenuous and, as discussed below, contrary to the substance of DAPA."). The district court enjoined only the sweeping program under which the Executive would hire scores of employees and spend millions of dollars in order to allow millions of unauthorized aliens to apply for, and receive, a

variety of benefits such as lawful-presence status and work authorizations. *Id.* at 11-16, 22, 70-71, 90-97, 101-12.

Defendants also wrongly suggest that 28 U.S.C. §1657 or Fifth Circuit Rule 47.7 provide any significant support for their request. Defendants quote §1657 to suggest that it directs expedited briefing of actions for temporary injunctive relief. Mot. 4. But that section simply enables courts to prioritize "the order in which civil actions are heard and determined," requiring that certain actions come ahead of others. 28 U.S.C. §1657(a). This Court is well familiar with that directive, which it has carried out in Fifth Circuit Rule 47.7 by giving "preference in processing and disposition" to certain categories of cases, such temporary-injunction appeals and appeals in criminal cases. That preference steers the Court's order of attention to cases, but it has never been understood to require accelerated and rigid briefing schedules in prioritized cases. For example, regular briefing schedules routinely issue in criminal appeals, and the United States itself routinely obtains deadline extensions in criminal appeals as circumstances warrant. There is no basis in statute or rule for any different approach here.

Plaintiffs and any amici curiae supporting them should be allowed to prepare their briefing under the normal schedule provided by the federal and circuit rules. That includes the normal 33 days as the default deadline for a response brief, not Defendants' proposed 30 days. And that includes the ability to seek an extension of that briefing deadline if circumstances warrant. Plaintiffs cannot at this point determine if that need will exist and, realistically, cannot do so until reviewing Defendants' principal brief and assessing the extent and nature of briefing supplied by amici supporting Defendants.

## CONCLUSION

Defendants' request for an accelerated schedule for the submission of Plaintiffs' brief and the briefs of any amici curiae supporting Plaintiffs should be denied. Plaintiffs take no position on Defendants' request to commit themselves and their supporting amici curiae to any particular briefing deadline, or on precisely when the Court should hear any oral argument it directs.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

/s/ Scott A. Keller
SCOTT A. KELLER
Solicitor General

J. CAMPBELL BARKER
MATTHEW H. FREDERICK
Deputy Solicitors General

APRIL L. FARRIS
ALEX POTAPOV
Assistant Solicitors General

OFFICE OF THE ATTORNEY GENERAL
209 W. 14th Street
Austin, Texas 78711-2548

Counsel for Plaintiffs-Appellees

# CERTIFICATE OF SERVICE

I certify the service of this document by ECF or email on March 13, 2015 upon the following:

Beth S. Brinkmann
beth.brinkmann@usdoj.gov

Jeffrey A. Clair
jeffrey.clair@usdoj.gov

Kyle R. Freeny
kyle.freeny@usdoj.gov

William E. Havemann
william.e.havemann@usdoj.gov

Scott R. McIntosh
scott.mcintosh@usdoj.gov

*Counsel for Defendants-Appellants*

　　　　　　　　　　　　　　　　　　/s/ Scott A. Keller
　　　　　　　　　　　　　　　　　　SCOTT A. KELLER

## CERTIFICATE OF COMPLIANCE

1. I certify that, on March 13, 2015, this document was transmitted the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's electronic-document-filing system.

2. I certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the electronic submission has been scanned with the most recent version of commercial virus-scanning software and was reported free of viruses.

3. I certify that this brief complies with the type-volume requirement of Federal Rule of Appellate Procedure 27(d)(2) because it is not more than 20 pages.

/s/ Scott A. Keller
SCOTT A. KELLER