

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7243
Washington, DC 20530

BSB:DNL:SRM:JClair

Tel: (202) 514-4028

April 9, 2015

Hon. Lyle W. Cayce,
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re: <u>Texas v. United States, No. 15-40238</u>

Dear Mr. Cayce:

    Oral argument in this case is scheduled for April 17, 2015. Pursuant to FRAP 28(j), appellants respectfully bring to the panel's attention the Court's opinion in *Crane* v. *Johnson*, No. 14-10049 (5th Cir. Apr. 7, 2015).

    In *Crane*, the Court dismissed for lack of jurisdiction a suit by the State of Mississippi and several federal immigration officers challenging the Secretary of Homeland Security's "DACA" guidelines for deferring removal of aliens who arrived in the United States as children. Several aspects of the Court's opinion are directly relevant here.

    First, the Court rejected Mississippi's contention—similar to the claim advanced by the plaintiff States here—that educational, health care, and law enforcement costs allegedly attributable to aliens unlawfully present within a State afford standing to challenge deferred action policies. Op. 10-11; *see* Pl. Opp. to Stay Motion at 9. The Court held that Mississippi lacked standing because it had failed "to demonstrate that the state will incur [such] costs *because of the DACA program.*" Op. 11 (emphasis added). The Court cited with apparent approval the federal government's observation that DHS's reallocation of assets may actually *reduce* the State's fiscal burden. *Id.* at 10.

    Second, the Court found that the 2012 DACA guidelines and the 2014 DAPA guidelines afford immigration officers discretion to grant or withhold deferred action on a case-by-case basis. Op. at 4, 15-16. This conclusion undermines the critical premise underlying the district court's APA notice-and-comment holding here: that the 2014 guidance establishes binding limits on DHS's discretion and is therefore a legislative rule. *See* ROA.4483-4484; *see also* Appellants Br. at 42-45.

2

Finally, the Court stressed that the Secretary has broad discretion over removal (Op. 3) and that 8 U.S.C. 1225 "does not limit the authority of DHS to determine whether to pursue the removal of the immigrant." Op. 5.  This Court accordingly has refuted plaintiffs' contention that "[u]nless Congress creates a specific exception, the Executive must remove any unauthorized alien present in violation of federal law."  Pl. Opp. to Stay Motion at 2.

Please bring this letter to the panel's attention.  Thank you for your assistance.

        Respectfully submitted,

        /s/ Jeffrey Clair
        Attorney, Appellate Staff
        Civil Division
        U.S. Department of Justice
        jeffrey.clair@usdoj.gov

enc

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on April 9, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *William E. Havemann*
WILLIAM E. HAVEMANN
Attorney, Civil Division