IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, *et al*.,

Plaintiffs-Appellees,

v.

UNITED STATES, *et al*.,

Defendants-Appellants,

and

JANE DOE #1, JANE DOE #2, and
JANE DOE #3,

Movants.

No. 15-40238

**JANE DOES' MOTION TO INTERVENE IN APPEAL NO. 15-40238 FOR PURPOSE OF PARTICIPATING AS PARTIES IN POTENTIAL SUPREME COURT REVIEW OF NOVEMBER 9, 2015 DECISION AFFIRMING PRELIMINARY INJUNCTION**

## CERTIFICATE OF INTERESTED PERSONS

**(1)** No. 15-40238, *State of Texas et al. v. United States et al.*

**(2)** The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

Movants with a direct interest in this case are the following: Jane Doe #1, Jane Doe #2, and Jane Doe #3. The Jane Does are three undocumented immigrants who are long-time residents of the Rio Grande Valley of South Texas. On April 6, 2015, the Jane Does filed a brief as *amici curiae* in case No. 15-40238 supporting reversal. On November 9, 2015, this Court issued a published opinion in parallel case No. 15-40333 holding that the Jane Does are entitled to intervene as of right in this litigation.

Counsel for Movants in this Court are the following: Nina Perales (Mexican American Legal Defense and Educational Fund); Adam P. KohSweeney and Gabriel Markoff (O'Melveny & Myers LLP); and Linda Smith (DLA Piper LLP).

All other parties in this case are governmental parties outside the scope of this certificate under Fifth Circuit Rule 28.2.1.

/s/ Nina Perales
Nina Perales
Attorney of record for
Movants

## INTRODUCTION AND ARGUMENT

In light of this Court's decision in Appeal No. 15-40333 holding that they are entitled to intervene as a matter of right in the Plaintiff States' suit seeking to enjoin the Government's DAPA and expanded DACA initiatives, a decision that this Court issued simultaneously with its affirmance of the preliminary injunction in Appeal No. 15-40238, the Jane Does respectfully request that this Court grant them intervention in Appeal No. 15-40238. *See* Opinion, *Texas v. United States*, No. 15-40333, -- F.3d --, 2015 WL 6876054 (5th Cir. Nov. 9, 2015). The Jane Does make this request out of an abundance of caution and for the sole purpose of ensuring that they are properly counted as "parties" to the Government's appeal of the preliminary injunction, and thus that they can participate as party-respondents in the Government's forthcoming Supreme Court appeal. *See, e.g.*, Michael D. Shear, *Obama to Appeal Immigration Ruling to Supreme Court*, N.Y. TIMES, Nov. 10, 2015.[1] Plaintiffs-Appellees and Defendants-Appellants have been notified of this motion and take no position on it.

But for the district court's erroneous denial of intervention, the Jane Does would have themselves appealed the preliminary injunction and thus would be indisputably entitled to participate as parties in any future Supreme Court proceedings. However, the Jane Does were instead forced to appeal the denial of

[1] *Available at* http://www.nytimes.com/2015/11/11/us/politics/supreme-court-immigration-obama.html?smid=pl-share.

intervention while simultaneously participating as *amici* in the Government's separate appeal of the preliminary injunction. *See* Amicus Br. of Jane Does, *Texas v. United States*, No. 15-40238 (5th Cir. Apr. 6, 2015). This Court, recognizing that delay would likely render the Jane Does' intervention appeal moot in light of the Government's expedited injunction appeal, granted the Jane Does' motion to expedite, heard arguments on both appeals on the same day in July, and issued opinions on both appeals on November 9, 2015. It is only now, following this Court's ruling that the district court erred in denying them intervention of right, that the Jane Does are able to participate as full parties in this case. However, if they are not able to participate as parties in the Supreme Court review the Government has indicated it will seek, their win on intervention could be rendered largely meaningless.

The Supreme Court's rules specifying which litigants can be parties (as opposed to *amici*) turn on whether those litigants are considered "parties" to the proceeding in the court below. Rule 12.6 states that "[a]ll parties in the proceeding in the court whose judgment is sought to be reviewed are deemed parties entitled to file documents in this Court[.]" Sup. Ct. R. 12.6; *see* SUPREME COURT PRACTICE § 6.16(a) (10th ed. 2013) ("An intervenor below also is considered a party to a case and may seek review by certiorari . . . [o]n the other hand, one who participated in the proceeding below as a 'nonparty,' such as an amicus curiae, is not deemed

qualified to file a petition for certiorari . . .").

This language does not address the Jane Does' unique situation, in which they participated as *amici* in the interlocutory appeal that the Government now intends to take to the Supreme Court, while they simultaneously appealed and won intervention in a second, parallel interlocutory appeal. It is possible that the Supreme Court could interpret Rule 12.6 to bar the Jane Does from participating as parties in the Government's injunction appeal unless this Court first formally adds them to the docket as intervenors in Appeal No. 15-40238.[2]

There is precedent for this Court to grant intervenor status to *amici* after entry of judgment to ensure that such *amici* can participate as parties in further proceedings in the Supreme Court. Notably, in *INS v. Chadha*, 462 U.S. 919 (1983), the United States House and Senate participated as *amici* in the Ninth Circuit, and, following that court's judgment, were granted intervention so that they could petition for Supreme Court review. *See id.* at 930 n.5; SUPREME COURT PRACTICE, *supra*, at n.57. Here as well, this Court should grant the Jane Does intervention in Appeal No. 15-40238, so that they are able to participate fully as parties in the Supreme Court review that the Government intends to seek.

[2] To be clear, the Jane Does' position is that, following the grant of intervention, they are full parties to all aspects of this litigation. They file this motion out of an abundance of caution to protect their ability to participate as parties in the Supreme Court.

## CONCLUSION

For the foregoing reasons, the Jane Doe movants respectfully request that this Court grant their motion to intervene as Appellants in Appeal No. 15-40238.

Respectfully submitted,

By: /s/ Nina Perales

NINA PERALES
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Ste. 300
San Antonio, TX 78205
(210) 224-5476

ADAM P. KOHSWEENEY
GABRIEL MARKOFF
O'MELVENY & MYERS LLP
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700

LINDA J. SMITH
DLA PIPER LLP
2000 Avenue of the Stars, Ste. 400
Los Angeles, CA 90067
(310) 595-3038

*Counsel for Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2015, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Nina Perales
Nina Perales

**CERTIFICATE OF COMPLIANCE**

1. I certify that on November 18, 2015, this document was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit via the Court's electronic-document filing system.

2. I certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic copy is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the electronic submission has been scanned with the most recent version of commercial anti-virus software and was reported free of viruses.

3. This motion complies with the page limitation of Fed. R. App. P. 27(d)(2) because it contains less than 20 pages, excluding accompanying documents exempted by Fed. R. App. P. 27(a)(2)(B).

4. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared using Microsoft Word 2010 in 14-point Times New Roman.

/s/ Nina Perales
Nina Perales